

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
OFFICE OF THE SOLICITOR GENERAL
PO BOX 080
TRENTON, NJ  08625-0080

MIKIE SHERRILL
*Governor*

DR. DALE G. CALDWELL
*Lt. Governor*

JENNIFER DAVENPORT
*Attorney General*

JEREMY M. FEIGENBAUM
*Solicitor General*

April 9, 2026

**<u>VIA ECF</u>**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

> **Re:  *MacDonald et al. v. Shah*, No. 25-2090**
> **FRAP 28(j) Letter Response**

Dear Ms. Dodszuweit:

The Supreme Court's opinion in *Chiles v. Salazar*, 607 U.S. ___, No. 24-539, 2026 WL 872307 (Mar. 31, 2026), confirms New Jersey's medical licensure law is a far cry from the content-based regulations on therapist speech *Chiles* addressed. Indeed, *Chiles* rejected Colorado's comparison between its conversion therapy ban and "the history of state laws licensing the practice of medicine." *Id.* at *11. In doing so, it acknowledged that "licensing laws have traditionally addressed what qualifications an individual must possess before practicing a particular profession," as distinct from the ability to "dictate a professional's point of view." *Id.* at *12. Just so here: this state law describes what qualifies a physician to practice medicine—in person or remotely—to New Jersey patients, *see* Appellee Br.3-6, but nothing about what that practice entails.



Thus, contra Plaintiffs, this law is not the type of content-based speech regulation that receives strict scrutiny. Even assuming the law were content-based, as an undoubtedly "viewpoint-neutral" rather than "viewpoint-based" licensure standard, it would still "not pose the risk of censorship—or of 'official suppression of ideas'" that triggers strict scrutiny. 2026 WL 872307 at *14 (Kagan, J., concurring). Moreover, it is doubtful the law is content-based at all: *Chiles* leaves undisturbed the Court's conclusion in *City of Austin v. Reagan National Advertising of Austin, LLC*, 596 U.S. 61 (2022), that simple evaluation of a speech act's type— as the rule does at most—"nonetheless remain[s] content neutral." *Id.* at 72.

Plaintiffs' letter further misses the mark by attempting to characterize their acts as pure speech. Though the physicians compare themselves to a therapist who "does not prescribe medication, use medical devices, or employ any physical methods," 2026 WL 872307 at *8, their telemedical interactions with New Jersey patients are a direct consequence of and integrated with the medications, devices, and physical methods they deploy. *See* JA50. The nature of medical care and practice as an ongoing course of conduct does not change just because a patient is in Massachusetts one day and New Jersey another. This Court should accordingly affirm.

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By:  */s/Nathaniel F. Rubin*
Nathaniel F. Rubin
Deputy Attorney General

cc: All counsel (via ECF)
Word Count: 345

