**Case No. 25-2090**

In the
United States Court of Appeals
for the Third Circuit

SHANNON MACDONALD, M.D.; PAUL GARDNER, M.D.; J.A., A MINOR, BY AND THROUGH GUARDIAN AND NEXT FRIEND MICHAEL ABELL; MICHAEL ABELL; AND HANK JENNINGS,

*Plaintiffs-Appellants*,

vs.

PRESIDENT OF THE NEW JERSEY STATE BOARD OF MEDICAL EXAMINERS,

*Defendant-Appellee*.

ON APPEAL FROM THE U.S. DISTRICT COURT – DISTRICT OF NEW JERSEY
HON. EDWARD S. KIEL
CASE NO. 1:23-CV-23044-ESK-SAK

# UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* INSTITUTE FOR JUSTICE IN SUPPORT OF PLAINTIFFS-APPELLANTS' PETITION FOR REHEARING EN BANC

Paul M. Sherman
Daniel Nelson
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
(703) 682-9320
psherman@ij.org
dnelson@ij.org

*Counsel for Amicus Curiae Institute for Justice*

The Institute for Justice (IJ) moves for leave to file a friend-of-the-court brief under Rules 29(a)(3) and 29(b)(2) of the Federal Rules of Appellate Procedure. The proposed brief is included with this motion. Counsel for Amicus has conferred with counsel for all parties who have confirmed that they do not oppose this motion.

**INTEREST OF AMICUS CURIAE**

The Institute for Justice is a nonprofit legal center dedicated to defending freedom of speech and other constitutional rights. IJ has litigated dozens of cases nationwide defending people who speak for a living, and its attorneys have published scholarly work on the First Amendment principles that apply to this speech. *See* Institute for Justice, *Occupational Speech Cases*, https://ij.org/case/?pillar=occupational-speech; Paul M. Sherman, *Occupational Speech & the First Amendment*, 128 Harv. L. Rev. F. 183 (2015), *available at* https://harvardlawreview.org/forum/vol-128/occupational-speech-and-the-first-amendment/. IJ recently participated as amicus in *Veterans Guardian VA Claim Consulting LLC v. Platkin*, 133 F.4th 213 (3d Cir. 2025), a case raising related First Amendment questions. Its attorneys have also extensively researched the history of occupational licensing, including specifically the history of government regulation of medical advice. IJ believes that its original historical research and First Amendment expertise will assist the Court both in identifying the historical

questions necessary to resolve this appeal and in answering those questions correctly.

## ARGUMENT

This case raises novel and important questions about the application of the First Amendment to individualized medical advice. On that issue, the panel reached three important—and correct—conclusions. First, individualized medical advice is speech within the scope of the First Amendment's protection. Op. 6. Second, a law singling out individualized medical advice for regulation is a content-based restriction on speech. Op. 7–11. Third, licensing laws that prohibit unlicensed individuals from giving professional advice are not exempt from ordinary First Amendment scrutiny. Op. 12–13.

Based on these conclusions, the panel also correctly held that New Jersey's ban on unlicensed medical advice—as a content-based restriction on speech—is presumptively subject to strict scrutiny unless the state can show "a long (if heretofore unrecognized) tradition of a particular kind of speech restriction." Op. 14 (cleaned up).

The Institute for Justice is uniquely positioned to address whether such a tradition exists. The authors of the proposed amicus brief are also the authors of a forthcoming law review article examining specifically the history of medical and legal licensure in the United States and whether those licensing laws have

traditionally prohibited unlicensed speakers from providing individualized advice. *See* Paul M. Sherman & Daniel Nelson, *The (Weak) Historical Case for Licensing Speech*, 3 Texas A&M J. L. & Civ. Governance (forthcoming 2027), https://ssrn.com/abstract=6183159. Their research finds that no such tradition exists—although medical licensing existed sporadically in early American history, prohibitions on unlicensed medical advice did not arise until much later, well after the enactment of the First and Fourteenth Amendments.

IJ believes that its brief will be especially useful to the Court, because the history relevant to this case was not extensively briefed before the panel. The proposed brief fills that gap and provides the most complete treatment of the history of regulating individualized medical advice of which IJ is aware.

## CONCLUSION

For these reasons, IJ respectfully requests the Court grant leave to file the attached friend-of-the-court brief.

September 21, 2026

/s/ Paul M. Sherman
Paul M. Sherman
Daniel Nelson
INSTITUTE FOR JUSTICE
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
psherman@ij.org
dnelson@ij.org

*Counsel for Amicus Curiae Institute for Justice*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure Rule 32(g), I certify that this motion complies with the length limitations set forth in Fed. R. App. P. 27(d)(2)(A) because it contains 541 words, as counted by Microsoft Word, excluding the items that may be excluded under Fed. R. App. P. 27(a)(2)(B).

Dated: September 21, 2026

/s/ Paul M. Sherman
*Counsel for Amicus Curiae*
*Institute for Justice*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2026, I caused the foregoing UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* INSTITUTE FOR JUSTICE IN SUPPORT OF PLAINTIFFS-APPELLANTS' PETITION FOR REHEARING EN BANC to be filed electronically with the Clerk of the Court of the United States Court of Appeals for the Third Circuit by using the Court's CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

Dated: September 21, 2026

/s/ Paul M. Sherman
*Counsel for Amicus Curiae*
*Institute for Justice*